# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | | |
|---|---|---|
| **TERRY RHODES #782837** | § | |
| | § | |
| **V.** | § | **A-07-CA-430-LY** |
| | § | |
| **GREGORY COLEMAN,** | § | |
| **RANCE CRAFT, and** | § | |
| **JOHN WHITMIRE** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and motion for temporary restraining order. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues Gregory Coleman, Rance Craft and John Whitmire.  He seeks actual and punitive damages against the defendants in their individual capacities.  He seeks a declaratory judgment and injunctive relief against the defendants in their official capacities.

Plaintiff challenges Board Policy 03.91 that allows the prison to charge for indigent postage and supplies. He contends the policy violates the First Amendment. According to Plaintiff, the policy, along with AD 07.90 allows charges for indigent postage and supplies to be deducted from the prisoner's inmate trust fund account. Plaintiff contends this violates due process. Although Plaintiff's complaint is not clear, it appears Plaintiff is also arguing these prison policies deny Plaintiff access to courts.

Plaintiff also alleges Defendant Coleman allows his employees to destroy legal materials and personal property in violation of Board Policy 03.81. Plaintiff mistakenly states the policy prohibits TDCJ employees from scattering, disrupting or destroying a prisoner's legal materials.

Plaintiff also appears to be alleging the defendants have violated multiple state and federal laws. Plaintiff attempts to hold Defendant Whitmire liable because he allegedly provides the funds to the prisons through the legislature.

With respect to Defendant Craft Plaintiff alleges Craft was an attorney, who along with another attorney, represented the state in the prison mail lawsuit in the 1970's and 1980's. Plaintiff complains in 1996 the Prison Litigation Reform Act was enacted, and Craft used the PLRA to abort the consent decree issued in the mail case. Plaintiff contends the PLRA could not legally have been used to "kill the 1983 Consent Decree."

Plaintiff also challenges the filing fee provisions of the PLRA. According to Plaintiff, federal court PLRA fee orders cannot be imposed on a state agency. Plaintiff contends Defendant Coleman allows funds to be extorted to the courts illegally.

Attached to Plaintiff's complaint is the affidavit of Offender Wayne Johnson, a self-proclaimed legal expert. Johnson attempted to raise some of the same claims raised in the instant

2

lawsuit in his own lawsuit filed under Cause No. A-05-CV-518-SS.  However, Johnson was denied leave to proceed in forma pauperis in that case due to his previous abuse of the judicial system, and his case was dismissed.

According to the Johnson affidavit, all of the claims made by Plaintiff Rhodes have been experienced by Inmate Johnson.  Johnson avers the mandamus he filed on behalf of Inmate Justin (last name illegible) was destroyed, because Johnson was disciplined for trafficking and trading. Johnson believes the disciplinary rules deny inmates due process.  The complaint also includes allegations that Johnson had 22 legal letters destroyed and legal visits are routinely denied.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  An action is frivolous if it lacks an arguable basis in either fact or law.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

3

B.    Standing

Article III of the Constitution confines the federal courts to deciding actual cases and controversies. Society of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir.), cert. denied, 506 U.S. 866, 113 S. Ct. 191 (1992) (citing Allen v. Wright, 468 U.S. 737, 104 S. Ct. 3315, 3324 (1984)). "The rule that litigants must have standing to invoke the power of the federal courts is perhaps the most important doctrine stemming from the case or controversy requirement." Id. "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." Id.

Plaintiffs in the federal courts "must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." O'Shea v. Littleton, 414 U.S. 488, 493, 94 S. Ct. 669, 675 (1974) (quoting Linda R.S. v Richard D., 410 U.S. 614, 617, 93 S. Ct. 1146, 1148 (1973)). Abstract injury is not enough. It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct. Id. at 494, 94 S. Ct. at 674 (quoting Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S. Ct. 597, 601 (1923). The injury or threat of injury must be both "real and immediate, not "conjectural or "hypothetical." Id. (citations omitted). In determining whether Plaintiff's claims should be dismissed for want of standing, the Court has accepted as true all material allegations of the complaint, and has construed the complaint in favor of the complaining party. See Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206 (1975).

1.      Board Policy 03.91

Board Policy 03.91 provides:

An indigent offender may use indigent postage to send five (5) one-ounce domestic letters per week to general correspondents and five (5) items to legal or special correspondents.  Upon request to the Warden's representative and for good cause shown, an offender may send extra letters to general, legal, or special, correspondents using indigent postage.

Funds expended by TDCJ for postage and stationery within the first 60 days that an offender is indigent may be recouped by TDCJ from funds later deposited in the offender's Trust Fund Account.

Plaintiff does not allege he has ever been denied permission to send extra letters.  He also does not allege he personally has been charged for postage and stationery.  Accordingly, Plaintiff lacks standing to raise his claims.

Alternatively, indigent inmates have no constitutional right to free postage for nonlegal mail. Hershberger v. Scaletta, 33 F.3d 955, 957 (8th Cir. 1994).  Additionally, although prisoners have a constitutional right of meaningful access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation to state a claim.  Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174 (1996).  Because Plaintiff does not allege he suffered any prejudice to his legal work, he also has no access-to-courts claim.

2.      Board Policy 03.81

Board Policy 03.81 provides:

Officers, employees or agents of TDCJ shall not interfere with, harass, punish or otherwise penalize any offender as a result of participation in litigation, either as a party or a witness, or for filing or threatening to file a lawsuit, grievance, appeal or other complaint about prison conditions or official misconduct, or for discussing with others or writing in accordance with Agency rules and regulations to others about actual or potential legal action or other forms of grievance and complaint.

5

Plaintiff does not allege anyone has destroyed or mishandled his legal materials.  Rather, Plaintiff alleges Offender Johnson has experienced such action.  As such, Plaintiff lacks standing to challenge Coleman's actions with regard to BP 03.81.

      C.    <u>Legislative Immunity</u>

Plaintiff attempts to hold Defendant Whitmire liable in this case due to his legislative duties. However, Defendant Whitmire is protected from Plaintiff's claims by legislative immunity. Legislative immunity provides absolute protection from suit to government officials when they take legislative actions and perform legislative duties. <u>Gravel v. United States</u>, 408 U.S. 606, 625, 92 S. Ct. 2614, 2627 (1972).

      D.    <u>PLRA</u>

Plaintiff contends the PLRA could not legally have been used to "kill the 1983 Consent Decree."  The Fifth Circuit has determined the termination of prospective relief provisions of the PLRA did not violate the separation of powers principles or Due Process Clause.  <u>Ruiz v. United States</u>, 243 F.3d 941 (5th Cir. 2001).

   Plaintiff also argues federal court PLRA fee orders cannot be imposed on a state agency. The PLRA provisions that require a prisoner to pay the filing fee for his case in installments are constitutional. <u>Norton v. Dimazana</u>, 122 F.3d 286, 290 (5th Cir. 1997).  Additionally, Plaintiff has no standing to object on behalf of the State.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), as Plaintiff's complaint wholly lacks an arguable basis in either fact or law. Any pending motions should be dismissed as moot.

6

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

7

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE